**KAYE, ROSE & PARTNERS, LLP**
Bradley M. Rose, Esq. (126281)
Carolyn J. Kaye, Esq. (118521)
169 S. Rodeo Drive
Beverly Hills, CA 90212
Telephone: (310) 277-1200
Facsimile: (310) 277-1220
E-mail: brose@kayerose.com
ckaye@kayerose.com

Attorneys for Defendant
VIKING RIVER CRUISES, INC. dba
VIKING CRUISES and VIKING OCEAN
CRUISES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

AXEL FREUDMANN and LAUREN FREUDMANN, individually and on behalf of all similarly situated, Class Plaintiffs,

Plaintiffs,

v.

VIKING RIVER CRUISES, INC. dba VIKING CRUISES and VIKING OCEAN CRUISES, a corporation for profit,; VIKING OCEAN CRUISE, LTD, a corporation for profit,; VIKING OCEAN CRUISE II, LTD, a corporation for profit,; VIKING CRUISE, LTD, a corporation for profit,; VIKING CRUISES USA, LTD. a corporation for profit, and VIKING RIVER CRUISE (INTERNATIONAL) LLC., a corporation for profit,

Defendants.

Case No.:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**

**CLASS ACTION**

LASC Case No.: 19STCV16053
Complaint Filed: May 8, 2019
LASC Dept: 12
LASC Judge: Hon. Carolyn B. Kuhl

///

///

Kaye, Rose & Partners LLP

Kaye, Rose & Partners LLP

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant VIKING RIVER CRUISES, INC. dba VIKING CRUISES and VIKING OCEAN CRUISES ("Defendant") hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. This Court has original subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. sections 1332(d), 1441(a), 1453 and 1446, because this is a class action, minimal diversity exists and the amount in controversy exceeds $5,000,000. Accordingly, removal is proper for the reasons set forth below.

**I. Background and Applicable Procedural Requirements.**

On May 8, 2019, plaintiffs AXEL FREUDMANN and LAUREN FREUDMANN, individually and on behalf of a putative class of purportedly similarly situated individuals, filed a Class Action Complaint in the Superior Court of the State of California, County of Los Angeles, entitled *Axel Freudmann, et al. v. Viking River Cruises, Inc., et al.*, LASC Case Number 19STCV16053. The Complaint alleges causes of action for negligence and negligent infliction of emotional distress against Defendants VIKING RIVER CRUISES, INC. dba VIKING CRUISES and VIKING OCEAN CRUISES; VIKING OCEAN CRUISE, LTD.; VIKING OCEAN CRUISE II, LTD.; VIKING CRUISE, LTD.; VIKING CRUISES, USA, LTD. and VIKING RIVER CRUISE (INTERNATIONAL) LLC. [*See* Summons and Complaint, Exhibit "A".]

Specifically, Plaintiffs claim that Defendants operated the VIKING SKY cruise ship ("the vessel") with "roughly 1,000" passengers aboard and "negligently sailed through notoriously perilous waters into the path of a Bomb Cyclone" [*Id.* ¶19] causing the vessel to lose power and "leaving the vessel adrift to be battered by high seas and winds as it drifted towards dangerous reefs." [*Id.*] As a result, the passengers allegedly suffered severe physical and psychological injuries and emotional distress. [*Id.*, ¶21] The Complaint also alleges the Defendants'

Kaye, Rose & Partners LLP

"knowing, intentional and reckless conduct subjects Defendants to the imposition of punitive damages." [*Id.*]

**II. This Case is Subject to Removal under 28 U.S.C. § 1332(d).**

Based on the allegations in the Class Action Complaint, this matter is removable under 28 U.S.C. § 1441 as a civil action over which the United States District Court for the Central District of California has original jurisdiction under The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which provides, in relevant part, as follows:

> (2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . . .

Moreover, Title 28 U.S.C. §1453 (also part of CAFA) provides:

> (b) A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446 (c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

The jurisdictional requirements for removal under CAFA are satisfied in this action.

**A. This Is a Class action as Defined by CAFA.**

This action meets the applicable definition of a class action under CAFA, which defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B). Here, Plaintiffs filed this

action as a putative class action on behalf of themselves and a proposed class of plaintiffs, which includes: "[A]ll passengers aboard the *Viking Sky* during the subject voyage (cruise ID no.: OSK190314). . . ." [Complaint, ¶ 19.] The California rule governing the maintenance of class actions, California Code of Civil Procedure Section 382, is analogous to Federal Rule of Civil Procedure 23. Thus, this action falls within the definition of a "class action" under CAFA.

**B. The Proposed Class Consists of More Than 100 Members.**

Plaintiffs allege that the putative class consists of "roughly 1,000 members." Thus, the required number of putative class members under CAFA is established on the face of the Complaint. *See* 28 U.S.C. § 1332(d)(5)(B).

**C. There Is Minimal Diversity of Citizenship Under CAFA.**

Plaintiffs allege they are citizens and residents of the state of New Jersey. [Complaint ¶3.] They further allege that Defendant VIKING RIVER CRUISES, INC. dba VIKING CRUISES and VIKING OCEAN CRUISES is a corporation organized under the laws of the state of California, with its principal place of business in Woodland Hills, California. [*Id.*, ¶4]. Therefore, the requirement for diversity of citizenship as set forth in CAFA is established on the face of the Complaint.

**D. The Requisite Amount in Controversy Is Satisfied.**

Under 28 U.S.C. §1332(d)(6), "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." While the Complaint does not state a specific amount of damages, it prays for all damages recoverable under the law for each of approximately 1,000 putative class members, including alleged damages relating to:

- Injuries to their body and extremities;

Kaye, Rose & Partners LLP

- Physical pain and suffering;
- Mental and emotional anguish;
- Severe emotional and/or psychological trauma which resulted in sickness, nausea, depression, anxiety, dizziness, exhaustion, fatigue, headaches, insomnia, lack of sleep, poor sleep and nightmares;
- Fear of imminent death;
- Loss of enjoyment of life;
- Temporary and/or permanent physical disability, impairment, inconvenience in the normal pursuits and pleasures of life;
- Feelings of economic insecurity;
- Disfigurement;
- Aggravation of any previously existing conditions;
- Incurred medical expenses in the care and treatment of their injuries, including life care;
- Suffered physical handicap;
- Lost wages;
- Impairment of their working ability and earning capacity; and
- Lost benefit of their vacation, cruise and transportation costs.

(Complaint, ¶¶ 50, 52-56.) Additionally, Plaintiffs seek punitive damages. (*Id.*)

Importantly, the jurisdictional amount may be satisfied by considering claims for special and general damages, attorneys' fees, and punitive damages. *Alexander v. Fedex Ground Package Sys., Inc.*, No. C 05-0038, 2005 WL 701601, at *2 (N.D. Cal. Mar. 25, 2005); *Cf. Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) [finding punitive damages could be considered for amount in controversy calculation]; *Sanchez v. Wal–Mart Stores, Inc.*, 2007 WL 1345706, *2 (E.D. Cal. 2007) [holding punitive damages are part of the amount in controversy].

As the Supreme Court has held, a removing party must initially file a notice

Kaye, Rose & Partners LLP

of removal that includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014). The parties may submit evidence outside the complaint, including affidavits or declarations relevant to the amount in controversy at the time of removal." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

In the present case, Plaintiffs' counsel, attorney Michael Winkelman, announced on national television that Plaintiffs seek $10 million by this action. On May 8, 2019, the same day the Complaint was filed, he stated on FOX Business, "The initial complaint asks for $10 million at this point," and later, "We've asked for $10 million at this point, but that would be global for everyone who was on that ship." In addition, on May 9, 2019 ABC News reported, "The passengers are seeking $10 million in damages from Viking Cruises, according to Winkelman." The website for plaintiffs' counsel inviting passengers to join the pending class action includes a link to the FOX Business televised broadcast stating that the amount sought is $10 million. [*See* Declaration of Carolyn J. Kaye attached hereto and accompanying exhibits].

To be clear, Defendants contend that the allegations in the Complaint are without merit and that neither Plaintiffs nor the putative class members have suffered any injury for which Defendants can be held liable. Nevertheless, Plaintiffs seek an award of compensatory and punitive damages. (Complaint, Prayer for Relief at p. 26). Under the circumstances alleged here, it is more than plausible (indeed, it seems virtually certain) that Plaintiffs seek at least $5,000 for each of the 1,000 putative class members. Plaintiffs request damages for their "vacation, cruise, and transportation costs" and the average ticket price alone for

Kaye, Rose & Partners LLP

the putative class members was $8,000.00.[1] (*See* Declaration of Stephanie Maldonado, attached hereto.) It is unquestionable that this amount, coupled with the alleged physical and emotional damages and punitive damages, satisfies the $5 million amount in controversy threshold required by CAFA.

## III. <u>The Procedural Requirements for Removal Are Satisfied.</u>

### A. <u>Copies of All Pleadings Are Attached.</u>

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders that have been filed in the Los Angeles Superior Court actions are attached hereto as Exhibit "A" [Summons and Complaint].

### B. <u>Notice Of Filing.</u>

In accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal have been served on counsel for plaintiffs and filed with the Clerk of this Court.

### C. <u>This Notice of Removal Is Timely.</u>

This Notice of Removal is timely filed, as it is being filed within 30 days after the service of the Class Action Complaint on June 3, 2019.

### D. <u>Venue Is Proper in this Court.</u>

Venue is proper in this Court pursuant to 28 U.S.C. §1446(a), as the United States Central District of California is the district and division within which the State Court Action was filed.

---

[1] Defendants dispute that Plaintiffs or any of the putative class members can recover the amounts paid for their cruise tickets. Defendants reimbursed passengers for the cruise tickets and numerous other expenses and intends to assert offset as an affirmative defense in this action. (Declaration of Stephanie Maldonado), However, because Plaintiffs seek these amounts as part of their claim, they are properly included in the amount in controversy regardless of Viking's affirmative defenses. *See Lara v. Trimac Tansp. Svcs. (Western) Inc.*, No. CV 10-4280-GHK (JCx), 2010 WL 3119366, at * 3 (C.D. Cal. Aug. 6, 2010).

WHEREFORE, Defendants pray that this action be removed to the United States District Court for the Central District of California.

Respectfully Submitted,

Dated: July 1, 2019              **KAYE, ROSE & PARTNERS, LLP**

By: /s/ Carolyn J. Kaye
    Bradley M. Rose
    Carolyn J. Kaye
    Attorneys for Defendant
    VIKING RIVER CRUISES, INC.
    dba VIKING CRUISES and
    VIKING OCEAN CRUISES