**EXHIBIT A**



## Notice of Service of Process

**null / ALL**
**Transmittal Number: 19905511**
**Date Processed: 06/05/2019**

| | |
|---|---|
| Primary Contact: | Leah Talactac<br>Viking Cruises<br>5700 Canoga Ave<br>Ste 200<br>Woodland Hills, CA 91367-6569 |

| | |
|---|---|
| **Entity:** | Viking Cruises USA Ltd<br>Entity ID Number 3702774 |
| **Entity Served:** | Viking Cruises, Ltd. |
| **Title of Action:** | Axel Freudmann vs. Viking River Cruises, Inc d/b/a Viking Cruises and Viking Ocean-Cruises |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 19STCV16053 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 06/03/2019 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Carol Lynn Finklehoffe<br>305-373-3016 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



<div align="right">
null / ALL
**Transmittal Number: 19904637**
**Date Processed: 06/05/2019**
</div>

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Leah Talactac<br>Viking Cruises<br>5700 Canoga Ave<br>Ste 200<br>Woodland Hills, CA 91367-6569 |

| | |
|---|---|
| **Entity:** | Viking Ocean Cruises II Ltd.<br>Entity ID Number  3702777 |
| **Entity Served:** | Viking Ocean Cruise Ltd., A Corporation For Profit |
| **Title of Action:** | Axel Freudmann vs. Viking River Cruises, Inc d/b/a Viking Cruises and Viking Ocean-Cruises |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 19STCV16053 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 06/03/2019 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Carol Lynn Finklehoffe<br>305-373-3016 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

COPY

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** Viking River Cruises, Inc. d/b/a Viking Cruises and Viking
*(AVISO AL DEMANDADO):* Ocean Cruises, a corporation for profit; Viking Ocean Cruise
Ltd., a corporation for profit, Viking Ocean Cruise II, Ltd., a corporation for profit, Viking
Cruise, Ltd., a corporation for profit, Viking Cruises USA, Ltd., a corporation for profit, Viking
River Cruise (International) LLC, a corporation for profit

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Axel Freudmann & Lauren Freudmann, individually and on behalf of all
similarly situated, Class Plaintiffs

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 08 2019

Sherri R. Carter, Executive Officer/Clerk of Court

By _____ , Deputy
Steven Drew

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse
111 North Hill Street
Los Angeles, CA

CASE NUMBER:
*(Número del Caso):* 19STCV16053

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carol Finklehoffe, Esq., 2 S Biscayne Blvd., Suite 1776, Miami, FL 33131 (305) 373-3016

DATE: MAY 08 2019                                                     Sherri R. Carter, Clerk
*(Fecha)*                          Clerk, by _____ , Deputy
                                   *(Secretario)*   STEVEN DREW      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

COPY

Carol Lynn Finklehoffe. CA Bar No. 220309
LIPCON MARGULIES ALSINA & WINKLEMAN
One Biscayne Tower, Suite 1776
Miami, FL 33131
Tel: 305-373-3016
Fax: 305-373-6204
Email: cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles
MAY 08 2019
Sherri R. Carter, Executive Officer/Clerk of Court
By ________, Deputy
Steven Drew

FILE BY FAX
CA RULE 2.303

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

AXEL FREUDMANN, and LAUREN FREUDMANN, individually and on behalf of all similarly situated, Class Plaintiffs,

Plaintiffs,

vs.

VIKING RIVER CRUISES, INC d/b/a VIKING CRUISES and VIKING OCEAN CRUISES, a corporation for profit; VIKING OCEAN CRUISE, LTD, a corporation for profit, VIKING OCEAN CRUISE II, LTD., a corporation for profit, VIKING CRUISE, LTD., a corporation for profit, VIKING CRUISES USA, LTD., a corporation for profit, VIKING RIVER CRUISE (INTERNATIONAL) LLC, a corporation for profit,

Defendants.

CASE NO.: 19STCV16053

**PLAINTIFFS' CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE. (305)373-3016 FAX. (305)373-6204

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, AXEL FREUDMANN and LAUREN FREUDMANN, bring this class action, individually and on behalf of all similarly situated passengers on the *Viking Sky*, hereby sue Defendants, VIKING RIVER CRUISES, INC d/b/a VIKING CRUISES and VIKING OCEAN CRUISES, a corporation for profit; VIKING OCEAN CRUISE, LTD, a corporation for profit, VIKING OCEAN CRUISE II, LTD., a corporation for profit, VIKING CRUISE, LTD., a corporation for profit, VIKING CRUISES USA, LTD., a corporation for profit, VIKING RIVER CRUISE (INTERNATIONAL) LLC, a corporation for profit, and for good cause alleges:

### Jurisdiction and Parties

1.      This Court has jurisdiction over this action pursuant to section 410.10 of the California Code of Civil Procedure.

2.      Venue is proper in this Court pursuant to sections 395 and 395.5 of California Code of Civil Procedure because the Defendants' VIKING RIVER CRUISES, INC d/b/a VIKING CRUISES and VIKING OCEAN CRUISES, VIKING OCEAN CRUISE, LTD, VIKING OCEAN CRUISE II, LTD., VIKING CRUISE, LTD., VIKING CRUISES USA, LTD., and VIKING RIVER CRUISE (INTERNATIONAL) LLC, maintain their principal place of business and worldwide headquarters within Los Angeles County.

3.      Plaintiffs, AXEL FREUDMANN and LAUREN FREUDMANN ("FREUDMANN"), are residents of New Jersey.

2

4.    Defendant VIKING RIVER CRUISES, INC d/b/a VIKING CRUISES and VIKING OCEAN CRUISES was and is a for profit California Company (entity number: C2221662) with its principle place of business and worldwide headquarters in Los Angeles County, California.

5.    Defendant VIKING OCEAN CRUISES II LTD., is a foreign company registered to business in California (entity number: C4035597) with its principle place of business and worldwide headquarters in Los Angeles County, California. VIKING OCEAN CRUISES II LTD., is a wholly owned subsidiary of VIKING CRUISES, LTD.

6.    Defendant VIKING CRUISES USA, LTD., is a foreign company registered to business in California (entity number: C4035598) with its principle place of business and worldwide headquarters in Los Angeles County, California.

7.    Defendant VIKING OCEAN CRUISES, LTD., is a foreign company with its principle place of business and worldwide headquarters in Los Angeles County, California. VIKING OCEAN CRUISES LTD., is a wholly owned subsidiary of VIKING CRUISES, LTD.

8.    Defendant VIKING CRUISES, LTD, is a foreign company with its principle place of business and worldwide headquarters in Los Angeles County, California.

9.    Defendant VIKING RIVER CRUISE (INTERNATIONAL) LLC, is a foreign company with its principle place of business and worldwide headquarters in

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

3

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

Los Angeles County, California.

10.     Defendants VIKING RIVER CRUISES, INC d/b/a VIKING CRUISES and VIKING OCEAN CRUISES, VIKING OCEAN CRUISE, LTD, VIKING OCEAN CRUISE II, LTD., VIKING CRUISE, LTD., VIKING CRUISES USA, LTD., and VIKING RIVER CRUISE (INTERNATIONAL) LLC are collectively referred to as "VIKING").

11.     Defendants VIKING represents and holds itself out to the public that its organization is overseen by the President and Chairman from its worldwide headquarters in Los Angeles, California as well as some functions from its offices in Basel, Switzerland.

12.     Defendants VIKING, at all times material hereto, personally or through an agent:

    a.     Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b.     Was engaged in substantial activity within this state;

    c.     Operated vessels in the waters of this state;

    d.     Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities toward the state, thereby obtaining the benefits and protections of the state's laws;

    e.     The acts of the Defendant set out in this Complaint occurred in whole or in part in this state and/or county.

4

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE (305)373-3016 FAX (305)373-6204

13.   This action is an action under general maritime law and the laws of California, as applicable.

14.   At all times material, Defendants VIKING were and are a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports throughout the world including, Los Angeles, California and Miami, Florida.

15.   At all times material, Defendants VIKING derived substantial revenue from cruises originating and terminating in various ports throughout the world including, Los Angeles, California and Miami, Florida.

16.   At all times material hereto, Defendants VIKING owned, operated, managed, maintained and/or controlled the vessel, *Viking Sky*.

17.   At all times material, Defendants VIKING transported fare-paying passengers on cruises aboard its vessel *Viking Sky*.

18.   At all times material, Defendants VIKING had exclusive control of the *Viking Sky* which was in navigable waters.

**<u>Class Action Allegations</u>**

19.   Plaintiffs FREUDMANN bring this action on behalf of themselves and as representatives of all others who are similarly situated. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of section 382 of the California Code of Civil Procedure. Plaintiffs FREUDMANN seek certification of a California Class which is initially defined as

5

follows: all passengers aboard the *Viking Sky* during the subject voyage (cruise ID no.: OSK190314) wherein the Defendants negligently sailed through notoriously perilous waters into the path of a Bomb Cyclone where, due to the Defendants negligence, the vessel lost power leaving the vessel adrift to be battered by high seas and winds as it drifted towards dangerous reefs.   Defendants VIKING's knowing, intentional and reckless conduct subjects Defendants to the imposition of punitive damages.

20.    Plaintiffs FREUDMANN reserve the right to amend or modify the above class definition with greater specificity or division into subclasses after having had an opportunity to conduct discovery.

21.    The class of passengers were subjected to severe distress both physical, psychological and emotional; endured pain and suffering, along with physical and emotional injury as a result of Defendants VIKING's negligence and/or gross negligence and/or intentional conduct.

22.    *Numerosity*. The members of the class are so numerous that joinder of all members is impractical. The exact number of members of the class is unknown at this time, but Plaintiffs FREUDMANN are informed and believe that there are roughly 1,000 members of the class as there were over 1,300 passengers and crew on the subject cruise.

23.    *Commonality and Predominance*. There are questions of law and fact common to the class, which predominate over any questions affecting individual

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

6

members of the class. The same misconduct on the part of Defendants VIKING caused the same or similar injury to each class member.  All class members seek damages under the general maritime law of the United States for Negligence, and Negligent Infliction of Emotional Distress.

24.   *Typicality*. The claims of Plaintiffs FREUDMANN are typical of the claims of the class, in that the claims of all members of the class, including Plaintiffs, depend upon a virtually identical showing of the acts and omissions of Defendants VIKING, giving rise to the right of Plaintiffs FREUDMANN to the relief sought herein. Defendants VIKING was at all times material hereto engaged in the same conduct to the detriment of the entire class of Plaintiffs.

25.   *Adequacy*. Plaintiffs FREUDMANN are the representative party for the class, and are able to, and will, fairly and adequately protect the interests of the class. There is no conflict between Plaintiffs FREUDMANN and other members of the class with respect to this action, or with respect to the claims for relief herein. The attorneys for Plaintiffs FREUDMANN are experienced and capable in the field of maritime claims for cruise ship passenger injury, including class actions, and have successfully represented claimants in other litigation of this nearly exact nature. Three of the attorneys designated as counsel for Plaintiffs FREUDMANN, Carol L. Finklehoffe, Jason R. Margulies, and Michael A. Winkleman, will actively conduct and be responsible for the case herein. Accordingly, Plaintiffs FREUDMANN are an

7

adequate representative and will fairly and adequately protect the interests of the Class.

26.   *Superiority*. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each individual Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of Defendants, no Class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, Class members will continue to suffer losses and misconduct of the Defendants VIKING will proceed without remedy. Even if Class members themselves could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

27.   Finally, Plaintiffs FREUDMANN know of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE (305)373-3016 FAX: (305)373-6204

8

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

## General Allegations

28.     This Class Action lawsuit involves Defendants VIKING's knowing and intentional decision to sail the *Viking Sky*, carrying roughly 1,000 paying passengers, into notoriously perilous waters and directly into the path of a massive weather event known as a Bomb Cyclone; wherein the vessel's engines, which were negligently maintained and/or were not adequately fit for such conditions, suffered a complete failure, subjecting the passengers terror and fear of imminent death  when the *Viking Sky* was adrift, without power as it was battered by Storm 10 gale force winds and more than 30 foot waves, pushing the vessel perilously close to dangerous reefs.

29.     Prior to disembarking Tromso, Norway on Thursday March 21, 2019, there were numerous forecasts which predicted the storm which the *Viking Sky* encountered. As early as March 16, 2019, weather models began warning of an intense cyclone threatening the waters off Norway the weekend of March 23 and 24, 2019:



As early as March 16, weather models began warning an intense cyclone could threaten the waters off Norway the weekend of March 23/24. (Weather.us)

9

30.    On March 18, 2019, Severe Weather Europe headlined the possibility of extremely severe wind gusts that could exceed 120 KPH (75mph – hurricane force winds) for areas off of western Norway:



**VALID FOR 19-03-2019**

ENH risk has been issued for the SSE iceland with threat for severe to extremely severe wind gusts. Downslope wind gusts could locally exceed 120 km/h.

ENH / SLGT risks have been issued for the Norwegian sea into western Norway with threat for severe to extremely severe wind gusts, locally reaching 110-120 km/h.

SLGT risk has been issued for west and south Iceland into the north Atlantic with threat for severe winds in excess of 90 km/h.

31.    On March 21, 2019, The Shipping Forecast predicted a cyclonic storm with gale 8 (39-46mph) force winds to storm 10 (55-63 mph) sustained wind speeds:

 The Shipping Forecast
Southeast Ice and: Westerly 5 to 7 backing 5 4 or 5 then becoming cyclonic gale 8 to storm 10 later. Snow showers, then rain later. Mod or poor occ very poor at first.

10

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX (305)373-6204

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

32.     On March 22, 2019, Severe Weather Europe was certain that extremely severe winds would push over western Norway, including the path the *Viking Sky* took, the following day, March 23, 2019:



By SWE | Severe weather outlook DAY 1   22 March 2019

## VALID FOR 23-03-2019

**ENH risk** has been issued for E Iceland across the Norwegian sea into W Norway with threat for severe to extremely severe winds, locally reaching above 120 km/h.

**SLGT risk** has been issued for areas surrounding the ENH risk including south, central and north Iceland, Faroe islands, N Scotland, parts of Norway and NW Sweden with threat for severe winds, locally in excess of 100 km/h.

**MRGL risk** has been issued for NW Morocco into the extreme SW Spain with isolated threat for severe storms, capable of producing severe winds and heavy rainfall.

11

33.   Despite the consensus by numerous weather forecasting agencies' warning of extremely severe winds of Storm 10 gale force capabilities expected in the vessel's intended and actual path, the subject vessel left for its voyage on March 21, 2019.



34.   Defendants VIKING knew or should have known of these Storm 10 gale force winds, but nonetheless, the *Viking Sky* left Tromso, Norway on March 21, 2019, intending to sail to Stavanger, Norway, carrying more than 1,000 paying passengers.

35.   After the vessel left Tromso, Norway, the passengers were not informed of the severity of the weather system the cruise was intending on sailing into. In fact, it wasn't until the next day when large waves were rocking the cruise ship, causing passengers and crewmembers to become seasick, did the vessel alert the passengers

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX (305)373-6204

12

it would not be docking in Bodo, Norway. Remarkably, still nothing was mentioned about the impending weather. Passengers had no idea they were being subjected to a historic winter weather event with Storm 10 gale force winds. The only messages conveyed to passengers was: "this is not a drill, go to muster stations," after the vessel's engines failed.

36. As forecasted by numerous weather forecasting agencies, by the early morning of Saturday, March 23, 2019, the Storm 10 gale force winds and rough seas were battering the vessel so severely that passengers were unable to stand in their staterooms and were being thrown out of their beds; causing various injuries to passengers, including Plaintiffs FREUDMANN.

37. At approximately 1:50p.m. on March 23, 2019, while sailing through waves of 30 + feet and winds exceeding hurricane strength, there was a complete engine failure leaving the vessel without navigation. The loss of engines occurred in an area called Hustadvika which is known for its notoriously perilous waters dotted with jagged reefs and is considered one of the most dangerous parts of the Norwegian Coastline.

38. The vessel was battered and tossed as it was pushed dangerously close towards the hazardous reefs. At times the vessel listed (tilted) as far as 45 degrees and passengers were tossed about like ragdolls. Accordingly, a Mayday and/or SOS call was issued, and Defendants VIKING attempted to launch a high-risk evacuation of the ship's 1,300 passengers and crew.

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE. (305)373-3016 FAX. (305)373-6204

39.    Passengers, fearing for their lives, held onto whatever they could find while water rushed in through numerous other areas of the vessel.  Furniture was overturned and tossed throughout the vessel; broken glass littered all levels of the vessel; elevators were inoperable; waves crashed through open and/or shattered balcony doors.






40.    Passengers scrambled to search for life jackets as they desperately tried to reach their muster stations.

14

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX (305)373-6204

41.   Over 400 passengers were airlifted hundreds of feet into a helicopter while being subjected to gusts of hurricane force winds.





15

42.     Hundreds of passengers, including Plaintiffs FREUDMANN, were subjected to hours of terror, unsanitary conditions, lack of ventilation, and trauma as they feared for their lives a result of the cruise traveling through extremely severe winds – all of which could have been easily avoided if Defendants VIKING simply waited to sail until after the severe winter storm passed or rerouted the ship so that the passengers were not exposed to the dangerous weather conditions. As a result of Defendant's VIKING's negligence, passengers sustained physical and emotional injuries.

43.     Tellingly, two Hurtigruten cruise ships delayed their departure from their respective port of calls on March 22, 2019, in order to avoid sailing through the worst of the bomb cyclone the *Viking Sky* sailed through. As NEWS in ENGLISH reported:

# Investigation begins into cruise drama

March 25, 2019

SHARE

Norway's accident investigations board and the maritime directorate have already launched a probe into why all four engines stalled on the relatively new cruiseship *Viking Sky* while it was crossing a stormy stretch of sea off the West Coast. Questions are also flying as to why the cruiseship, with nearly 1,400 people on board, kept sailing from Tromsø to Stavanger during the storm that prompted most other vessels to stay in port.

Among them were both the north- and southbound coastal voyage vessels in Norway's *Hurtigruten* fleet, which plies the Norwegian coast from Bergen in the south to Kirkenes in the far north, and has been sailing over the notoriously rough seas just south of Kristiansund for more than a century.

**Hurtigruten didn't sail**
"Because of the bad weather, our captain chose to delay departure from Bergen by 12 hours," Hurtigruten spokesman Rune Thomas Ege told newspaper *Dagens Næringsliv (DN)* on Monday. That meant the northbound ship would pass the rough patch at *Hustadvika* on Sunday morning instead of Saturday afternoon and evening, when the storm was raging at its worst.

The captain of Hurtigruten's southbound vessel sailing towards Bergen from Trondheim decided much the same: "Because of the weather forecasts, the captain chose to remain tied up in Trondheim," Ege said. "We had to charter flights to get the passengers to and from Bergen."

44.     Each and all of the foregoing conditions, including but not limited to, the impending dangerous weather and sea conditions, were known and/or should have been known to Defendants VIKING prior to the time decision to sail on March 21, 2019. As such, Defendants VIKING knowingly, intentionally and recklessly decided to sail directly into the path of a Storm 10 gale force storm, thereby placing the lives at risk of each and every one of the passengers and crew aboard that ship.

## <u>COUNT I - NEGLIGENCE AGAINST ALL DEFENDANTS</u>

Plaintiffs hereby incorporates by reference, as though fully set forth herein, paragraphs one (1) through forty-four (44), and alleges as follows:

45.     It was the duty of Defendants VIKING to provide Plaintiffs with reasonable care under the circumstances. *Kermarec v. Compagnie Generale*

17

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX (305)373-6204

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE (305)373-3016 FAX (305)373-6204

*Transatlantique,* 358 U.S. 625, 632, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959). "The degree of care considered reasonable in a particular circumstance depends upon the 'extent to which the circumstances surrounding maritime travel are different from those encountered in daily life and involve more danger to the passenger.' " *Samuels v. Holland American Line-USA Inc.,* 656 F.3d 948, 953(9th Cir. 2011), citing *Rainey v. Paquet Cruises, Inc.,* 709 F.2d 169, 172 (2d Cir.1983). Where the condition leading to a plaintiff's claim is one that is commonly encountered and not unique to the maritime context, a carrier must have "'actual or constructive notice of the risk-creating condition' before it can be held liable." *Id.* at 953, citing *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1322 (11th Cir.1989). By contrast, where the risk-creating condition is peculiar to the maritime context a heightened degree of reasonable care under the circumstances is required. *See Catalina Cruises v. Luna,* 137 F.3d 1422, 1425–26 (9th Cir.1998) (concluding that "where the risk is great because of high seas, an increased amount of care and precaution is reasonable"); *Kirk v. Holland American Line,* 616 F.Supp.2d 1101, 1105 (W.D.Wash.2007) (declining to conclude that risks associated with disembarkation are not unique to cruises); *Kearns v. Celebrity Cruises, Inc.,* 1997 WL 729108, *2 (S.D.N.Y.1997) (holding that "given the rough weather attending plaintiff's injury, [the defendant cruiseline] owed an enhanced duty of reasonable care under the circumstances to its passengers").

46.    Under this heightened/enhanced duty of reasonable care under the circumstances, Defendants VIKING owed the Plaintiffs FREUDMANN and all

others similarly situated, a duty of reasonable care under the circumstances for a vessels navigating through hurricane force winds and on rough sea conditions, and to keep passengers, including Plaintiffs FREUDMANN, reasonably safe from the perilous conditions.

47.    On or about March 23, 2019, and continuing until March 24, 2019, Defendants VIKING and/or its agents, servants, and/or employees breached its duty of reasonable care under the circumstances, and the Plaintiffs FREUDMANN Plaintiffs FREUDMANN and all others similarly situated, were injured due to the fault and/or negligence of Defendants VIKING, and/or their agents, servants, and/or employees as follows:

a.  Failure to use reasonable care to provide and maintain a reasonably safe voyage for Plaintiffs and others similarly situated;

b.  Knowingly sailing the subject vessel into severe weather conditions which Defendants knew or should have known about;

c.  Failing to have proper policies and procedures in place to determine weather conditions to be expected or encountered;

d.  Failing to have proper policies and procedures in place to determine whether it is reasonably safe to sail given the weather conditions to be expected or encountered;

e.  Deciding to sail the vessel despite severe weather warnings Defendants knew or should have known about;

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

19

f. Failing to have adequate technology capable of properly monitoring weather conditions in real time;

g. Sailing the vessel into a Bomb Cyclone;

h. Sailing the vessel into 30 foot seas;

i. Failing to turn back the vessel and/or divert the vessel and/or seek safe harbor when Defendants knew or should have known about the severe weather conditions;

j. Failing to warn passengers of the dangers in light of the severe weather and sea conditions which Defendants knew or should have known about;

k. Negligently maintaining the vessel and its engines;

l. Failure to adequately operate, maintain, inspect and/or repair the engine systems on board, including the oil levels, oil tanks and/or oil alarms;

m. Exposing the vessel to weather and sea conditions with a vessel that was not reasonable safe or fit for the conditions;

n. Failure to perform and/or negligent performance of an adequate pre-departure inspection of the engine systems on board, including the oil levels, oil tanks and/or oil alarms, before sailing the vessel in severe weather and sea conditions which Defendants knew or should have known about;

o. Failure to utilize available equipment when the vessel listed/tilted so as to promptly and adequately stabilize the vessel;

p. Failure to promulgate and/or enforce reasonable policies and procedures with

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX. (305)373-6204

20

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX. (305)373-6204

regard to adequately inspecting, operating, maintaining, and repairing the engine systems on board, including the oil levels, oil tanks and/or oil alarms;

q.  Failure to provide adequate training to the personnel inspecting, operating, maintaining, and repairing the engine systems on board, including the oil levels, oil tanks and/or oil alarms, so as to avoid unreasonable hazards to passengers;

r.  Failing to promulgate and/or enforce adequate policies and procedures to prevent the vessel from sailing into an expected storm;

s.  Failing to promulgate and or enforce adequate policies and procedures to require the vessel to divert and/or seek safe harbor when an expected storm became likely;

t.  Failing to use reasonable care to promulgate and/or enforce adequate policies and procedures to ensure that the vessel was operated in a safe weather condition;

u.  Negligently exposing its passengers to Bomb Cyclone weather conditions;

v.  Failure to provide adequate training, instruction, and supervision to the captain and crew;

w.  Failure to promulgate and/or enforce adequate policies and procedures to ensure that safety would not be compromised for cost and/or profits;

x.  Failure to adequately maintain, inspect, and/or repair the *Viking Sky*, its engines and machinery, so as to prevent the failure of shipboard systems necessary to ensure the reasonable safety of its passengers;

21

y. Failure to affirmatively disclose to the Plaintiffs that the vessel experienced a technical issue that could cause prolonged and extreme listing/tilting;

z. Failure to adequately inspect the *Viking Sky*, its engines, machinery, and sanitary systems so as to prevent the failure of shipboard systems necessary to ensure the reasonable safety of its passengers;

aa. Failure to promulgate policies and/or procedures aimed at preventing the failure of shipboard systems necessary to ensure the reasonable safety of its passengers;

bb.Failure to promulgate policies and/or procedures aimed at ensuring a reasonable emergency plan to protect the health and welfare of passengers during an emergency;

cc. Failure to determine and/or appreciate the hazards associated with operating the subject vessel's propulsion system in severe weather conditions the Defendants knew or should have known about;

dd.Knowing, as a result of previous similar incidents, of the likelihood of a threat to passenger safety resulting from all of the above, yet failing to take corrective action and/or implement policies and procedures aimed at preventing and/or mitigating the harmful effects of the of the subject incident;

ee. Failure to promulgate adequate storm avoidance policies aimed at ensuring the safety of passengers;

ff. Failure to employ an in-house meteorological staff tasked with monitoring

22

storms and/or sea conditions to ensure the safety of passengers.

48.    At all material times, Defendants VIKING had exclusive custody and control of the vessel, *Viking Sky*.

49.    Defendants VIKING knew of the foregoing conditions causing injury to the Plaintiffs FREUDMANN and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

50.    As a result of the negligence of Defendants VIKING, Plaintiffs FREUDMANN, were injured about their body and extremities, suffered both physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, temporary and/or permanent physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of their injuries including life care, suffered physical handicap, lost wages, income lost in the past, and their working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiffs will suffer the losses and impairments in the future. In addition, Plaintiffs lost the benefit of their vacation, cruise, and transportation costs.

**WHEREFORE** the Plaintiffs demand judgment for all damages recoverable under the law against the Defendant, including punitive damages as permitted by law and demand trial by jury.

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX (305)373-6204

23

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs hereby incorporates by reference, as though fully set forth herein, paragraphs one (1) through forty-four (44), and alleges as follows:

51.   At all times material, due to the negligence and/or gross negligence and/or intentional conduct of the Defendants, Plaintiffs FREUDMANN were placed in an immediate risk of physical harm.  Said risk of physical harm included but is not limited to:  injury and/or death and/or severe emotional and/or psychological trauma.

52.   Defendants' VIKING negligence and/or gross negligence and/or intentional conduct caused severe mental and/or emotional harm and/or distress in the Plaintiffs FREUDMAN, such as fear of imminent death and anxiety. These emotional injuries and/or damages have also resulted in physical manifestations, such as sickness, nausea, exhaustion, fatigue, headaches, insomnia, lack of sleep, poor sleep and nightmares.

53.   During the time period alleged in the Complaint, Plaintiffs FREUDMAN, and those similarly situated, were subjected to the vessel's prolonged listing, violently side to side, waves crashing into the side and breaking glass windows, water flooding into the vessel and were subjected to the violent storm causing a reasonable fear of imminent death and the sinking of the vessel.

54.   Plaintiffs FREUDMAN aboard the *Viking Sky* were placed in the zone of danger as a result of the violent storm.  Each Plaintiff was in close proximity to conditions which did cause or could have caused serious physical, mental and/or

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
Miami, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

24

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE (305)373-3016 FAX (305)373-6204

emotional injury and/or illness.

55.   Plaintiffs' FREUDMANN fear of death and experience of mental, emotional and/or physical harm were genuine and well founded and Plaintiffs suffered mental or emotional harm (such as fright and anxiety) that was caused by the negligence of Defendant VIKING. This fright and anxiety has further manifested itself as multiple physical symptoms experienced by the Plaintiffs FREUDMANN, including but not limited to insomnia, depression, anxiety, nightmares, and dizziness.

56.   As a result of the negligence of Defendants VIKING, Plaintiffs FREUDMANN, were injured about their body and extremities, suffered both physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, temporary and/or permanent physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of their injuries including life care, suffered physical handicap, lost wages, income lost in the past, and their working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiffs will suffer the losses and impairments in the future. In addition, Plaintiffs lost the benefit of their vacation, cruise, and transportation costs.

**WHEREFORE** the Plaintiffs demand judgment for all damages recoverable under the law against the Defendant, including punitive damages as permitted by law and demand trial by jury.

25

## Prayer for Relief

WHEREFORE, the Plaintiffs FREUDMANN respectfully request the Court enter judgment in her favor and against the Defendants VIKING as follow:

1.    To enter judgment in favor of the Plaintiffs against Defendants on all causes of action as alleged herein;

2.    To award compensatory damages in the amount to be ascertained at trial;

3.    To award punitive damages, as permitted by law;

4.    To award costs of suit, as permitted by law;

5.    For prejudgment interest according to proof; and

6.    To enter such other and further relief as the Court deems just under the circumstances.

LIPCON MARGULIES ALSINA & WINKLEMAN

DATED:   May 8, 2019.

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

## Demand for Jury Trial

Plaintiffs FREUDMANN hereby demand a trial by jury on all claims for relief.

26

LIPCON MARGULIES ALSINA & WINKLEMAN

DATED:   May 8, 2019.

BY: *s/ Carol L. Finklehoffe*
       CAROL L. FINKLEHOFFE
       *Attorney for Plaintiff*

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE (305)373-3016 FAX. (305)373-6204

27

COPY

| SHORT TITLE Freudmann, et al. v. Viking River Cruises, Inc , et al | CASE NUMBER 19STCV16053 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

FILE BY FAX
CA RULE 2.303

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e g , slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism  etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☑ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2 3
Page 1 of 4

| SHORT TITLE Freudmann, et al. v. Viking River Cruises, Inc., et al | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A8019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE Fraudmann, et al. v. Viking River Cruises, Inc., et al | CASE NUMBER |
| --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependant Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

| SHORT TITLE Freudmann, et al. v. Viking River Cruises, Inc., et al | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS |
|---|---|
| ✓1. 2. 3. 4. 5. 6. 7. 8. 9. 10. 11. | Stanley Mosk Courthouse<br>111 North Hill Street |

| CITY | STATE | ZIP CODE |
|---|---|---|
| Los Angeles | CA | 90401 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 5/8/19

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | |
|---|---|
| Carol Finklehoffe, Esq., Fla Bar No. 15903<br>2 S. Biscayne Blvd, Suite 1776<br>Miami, FL 33131<br>TELEPHONE NO. (305) 373-3016    FAX NO. (305) 373-6204<br>ATTORNEY FOR (Name) Plaintiffs | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>MAY 08 2019<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By _____ , Deputy<br>Steven Drew |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Axel & Lauren Fredumann, et al. v. Viking River Cruises, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE<br><br>DEPT | 19STCV16053 |

FILE BY FAX
CA RULE 2.303

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [✓] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify):
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 5/8/19

Carol Finklehoffe
(TYPE OR PRINT NAME)                                    ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| **COURTHOUSE ADDRESS:**<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**05/08/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Steve Drew _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | **CASE NUMBER:**<br>19STCV16053 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Carolyn B. Kuhl | 12 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 05/08/2019
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Steve Drew _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE. | CASE NUMBER. |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
     (INSERT DATE)                                          (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

_____          ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER. |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

> The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.
>
> There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).
>
> In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR - ADR may not be suitable for every dispute.**
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  Settlement Conferences are appropriate in any case where settlement is an option. Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

**Additional Information**

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

<div align="center">

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

</div>

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221