**KAYE, ROSE & PARTNERS, LLP**
Bradley M. Rose, Esq. (126282)
Carolyn J. Kaye, Esq. (118521)
brose@kayerose.com
ckaye@kayerose.com
169 S. Rodeo Drive
Beverly Hills, California 90212
Telephone: (310) 277-1200
Facsimile: (310) 277-1220

Attorneys for Defendant VIKING RIVER
CRUISES, INC. dba VIKING CRUISES and
VIKING OCEAN CRUISES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXEL FREUDMANN, and LAUREN FREUDMANN, individually and on behalf of all similarly situated, Class Plaintiffs,<br><br>Plaintiffs,<br><br>v.<br><br>VIKING RIVER CRUISES, INC d/b/a VIKING CRUISES and VIKING OCEAN CRUISES, a corporation for profit; VIKING OCEAN CRUISE, LTD., a corporation for profit, VIKING CRUISE, LTD., a corporation for profit, VIKING CRUISES USA, LTD., a corporation for profit, VIKING RIVER CRUISE (INTERNATIONAL) LLC, a corporation for profit,<br><br>Defendants. | **Case No.: 2:19-cv-05706 FMO PJWx**<br>**Complaint Filed: May 8, 2019**<br><br>**DEFENDANT VIKING RIVER CRUISES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>**Courtroom: 6D**<br>**Judge: Hon. Fernando M. Olguin** |

Defendant VIKING RIVER CRUISES, INC. dba VIKING CRUISES and VIKING OCEAN CRUISES ("Defendant") hereby responds to the Complaint of plaintiffs AXEL FREUDMANN and LAUREN FREUDMANN, individually and on behalf of all similarly situated, Class Plaintiffs ("plaintiffs") and admits, denies, and alleges as follows:

## Jurisdiction and Parties

1. Answering paragraph 1, defendant denies that this Court has jurisdiction over this action. This action is subject to the jurisdiction of the U.S. District Court under the Class Action Fairness Act Title 28 U.S.C. Section 1453.

2. Answering paragraph 2, defendant admits that VIKING RIVER CRUISES, INC. has a principle place of business in Los Angeles, California. Defendant denies all other allegations herein.

3. Answering paragraph 3, defendant denies on lack of information and belief.

4. Answering paragraph 4, defendant admits that VIKING RIVER CRUISES, INC. is a for profit California company with a principle place of business in California. Defendant denies the remainder of this allegation.

5. Answering paragraph 5, defendant admits that defendant Viking Ocean Cruises II Ltd. is a foreign company registered to do business in California but denies that Viking Ocean Cruises II Ltd was the owner or operator of the vessel VIKING SKY. Defendant further admits that Viking Ocean Cruises II Ltd. is a wholly owned subsidiary of Viking Cruises Ltd. Defendant denies the remainder of this allegation.

6. Answering paragraph 6, defendant admits that Viking Cruises USA Ltd is a foreign company registered to do business in California but denies that its principle place of business and worldwide headquarters is in Los Angeles County, California.

Kaye, Rose & Partners LLP

7. Answering paragraph 7, defendant admits that Viking Ocean Cruises Ltd is a foreign company but denies that its principle place of business and worldwide headquarters is in Los Angeles County, California. Defendant further admits that Viking Ocean Cruises Ltd. is a wholly owned subsidiary of Viking Cruises, Ltd.

8. Answering paragraph 8, defendant admits that Viking Cruises, Ltd. is a foreign company but denies that its principle place of business is in Los Angeles County, California.

9. Answering paragraph 9, defendant admits that Viking River Cruise (International) LLC is a foreign company but denies that its principle place of business and worldwide headquarters is in Los Angeles County, California.

10. Answering paragraph 10, defendant denies this allegation on the grounds that all defendants cannot be collectively considered one entity.

11. Answering paragraph 11, defendant denies this allegation.

12. Answering paragraph 12, defendant admits that VIKING RIVER CRUISES, INC. is a California corporation with a principle place of business in Los Angeles, California. Defendant denies the remainder of this allegation.

13. Answering paragraph 13, defendant denies this allegation.

14. Answering paragraph 14, defendant admits that VIKING RIVER CRUISES, INC. is engaged in the business of marketing and selling cruises. Defendant admits that Viking Ocean Cruises Ltd. is the operator of VIKING SKY. Defendant denies the remainder of this allegation.

15. Answering paragraph 15, defendant admits that VIKING RIVER CRUISES, INC. and Viking Ocean Cruises Ltd. derived revenue from cruises originating and terminating in various ports throughout the world including Los Angeles, California and Miami, Florida. Defendant denies that VIKING SKY has ever called in Los Angeles, California.

16. Answering paragraph 16, defendant admits that Viking Ocean Cruises

Ltd. operated the vessel VIKING SKY. Defendant denies the remainder of this allegation.

17. Answering paragraph 17, defendant admits that Viking Ocean Cruises Ltd. transported fare-paying passengers on cruises aboard VIKING SKY. Defendant denies the remainder of this allegation.

18. Answering paragraph 18, defendant denies this allegation.

## Class Action Allegations

19. Answering paragraph 19, defendant denies this allegation in its entirety.

20. Answering paragraph 20, defendant denies this allegation in its entirety.

21. Answering paragraph 21, defendant denies this allegation in its entirety.

22. Answering paragraph 22, defendant denies this allegation in its entirety.

23. Answering paragraph 23, defendant denies this allegation in its entirety.

24. Answering paragraph 24, defendants denies this allegation in its entirety.

25. Answering paragraph 25, defendant denies this allegation in its entirety based upon a lack of information and belief.

26. Answering paragraph 26, defendant denies this allegation in its entirety.

27. Answering paragraph 27, defendant denies this allegation based upon a lack of information and belief.

## General Allegations

28. Answering paragraph 28, defendant admits that VIKING SKY carried

Kaye, Rose & Partners LLP

1 approximately 912 passengers when it encountered rough seas and strong winds on
2 or about March 23, 2019 when the ship lost power.  Defendant denies the remainder
3 of this allegation.
4     29.    Answering paragraph 29, defendant admits that VIKING SKY
5 disembarked from Tromso, Norway on Thursday March 21, 2019.  Defendant
6 denies the remainder of this allegation.
7     30.    Answering paragraph 30, defendant denies this allegation in its
8 entirety.
9     31.    Answering paragraph 31, defendant denies this allegation based upon a
10 lack of information and belief.
11     32.    Answering paragraph 32, defendant denies this allegation based upon a
12 lack of information and belief.
13     33.    Answering paragraph 33, defendant admits VIKING SKY left for its
14 voyage on March 21, 2019.  Defendant denies the remainder of this allegation
15 based upon a lack of information and belief.
16     34.    Answering paragraph 34, defendant admits that VIKING SKY left
17 Tromso, Norway on March 21, 2019 intending to sail to Stavanger, Norway,
18 carrying 911 paying passengers.  Defendant denies the remainder of this allegation.
19     35.    Answering paragraph 35, defendant denies this allegation in its
20 entirety.
21     36.    Answering paragraph 36, defendant denies this allegation in its
22 entirety.
23     37.    Answering paragraph 37, defendant admits there was a complete
24 engine failure on VIKING SKY.  Defendant further admits that the loss of engines
25 occurred in Hustadvika.  Defendant denies the remainder of this allegation.
26     38.    Answering paragraph 38, defendant admits that a Mayday and/or SOS
27 was issued.  Defendant further admits that Viking launched an evacuation of a
28 number of passengers.  Defendant denies the remainder of this allegation.

Kaye, Rose & Partners LLP

39. Answering paragraph 39, defendant admits that furniture was overturned. Defendant admits that some broken glass littered some levels of the vessel. Defendant admits the elevators were inoperable. Defendant admits water from waves entered some parts of the vessel. Defendant denies the remainder of this allegation.

40. Answering paragraph 40, defendant denies this allegation in its entirety.

41. Answering paragraph 41, defendant admits that over 400 passengers were airlifted into a helicopter. Based upon the lack of information and belief, defendant denies the remainder of this allegation.

42. Answering paragraph 42, defendant denies this allegation in its entirety.

43. Answering paragraph 43, based upon a lack of information and belief, defendant denies this allegation.

44. Answering paragraph 44, defendant denies this allegation in its entirety.

## COUNT 1 – NEGLIGENCE AGAINST ALL DEFENDANTS

45. Answering paragraph 45, defendant denies this allegation in its entirety, as U.S. Maritime Law does not apply to this action.

46. Answering paragraph 46, defendant denies this allegation in its entirety, as U.S. Maritime Law does not apply to this action. Defendant further denies that defendant owed a heightened duty of care to plaintiffs.

47. Answering paragraph 47, defendant denies this allegation in its entirety.

48. Answering paragraph 48, defendant admits that Viking Ocean Cruises Ltd had custody of the vessel Viking Sky. Defendant denies the remainder of this allegation.

49. Answering paragraph 49, defendant denies this allegation in its

entirety.

50. Answering paragraph 50, defendant denies this allegation in its entirety.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

51. Answering paragraph 51, defendant denies this allegation in its entirety.

52. Answering paragraph 52, defendant denies this allegation in its entirety.

53. Answering paragraph 53, based upon a lack of information and belief, defendant denies this allegation in its entirety.

54. Answering paragraph 54, based upon a lack of information and belief, defendant denies this allegation in its entirety.

55. Answering paragraph 55, defendant denies this allegation in its entirety.

56. Answering paragraph 56, defendant denies this allegation in its entirety.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

As and for a first, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that plaintiffs have failed to state a claim against defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

As and for a second, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that plaintiffs have failed to join an indispensable party.

## THIRD AFFIRMATIVE DEFENSE

As and for a third, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that plaintiffs did not exercise

Kaye, Rose & Partners LLP

ordinary care, caution or prudence for their welfare to avoid the happening of the alleged incidents, injuries or damages, if any, and, by their own failure to do so, thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

As and for a fourth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that plaintiffs failed to reasonably and seasonably exercise care and diligence to avoid loss and to minimize damages, and therefore plaintiffs may not recover for their losses, if any, which could have been prevented. Therefore, plaintiffs' recovery, if any, should be reduced by plaintiffs' failure to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

As and for a fifth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that the damages allegedly sustained by plaintiffs and/or any person they purport to represent were not caused by any act or omission to act on the part of defendant.

## SIXTH AFFIRMATIVE DEFENSE

As and for a sixth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that plaintiffs' claims for relief may be governed by federal maritime law and limited to remedies available pursuant to such law. Therefore, state law claims asserted by plaintiffs, and/or any person they purport to represent if any, are preempted by federal law.

## SEVENTH AFFIRMATIVE DEFENSE

As and for a seventh, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that because of the conduct, acts and omissions of plaintiff, plaintiffs are estopped from claiming the damages alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

As and for an eighth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that, if it is found liable to plaintiffs for damages herein, which defendant denies, any such damage award should be offset by the amount paid by defendant to plaintiffs in the weeks and months following the incident, including, but not limited to, reimbursement of all travel costs, reimbursement of all medical expenses, and reimbursement of any and all miscellaneous expenses paid by defendant.

**NINTH AFFIRMATIVE DEFENSE**

As and for a ninth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges plaintiffs' Complaint is barred by the applicable statute of limitations, contractual limitation period and/or the equitable doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE**

As and for a tenth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges the negligence, if any, and other wrongdoing alleged in plaintiffs' Complaint was committed by persons who are not employed by or agents of defendant, but who are independent contractors or other third parties, for whom liability may not be imputed to defendant, thus constituting intervening and superseding causes of plaintiffs' damages, if any.

**ELEVENTH AFFIRMATIVE DEFENSE**

As and for an eleventh, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that any damage to plaintiffs as alleged in plaintiffs' Complaint was caused and contributed to by persons or entities other than defendant, including plaintiffs, and, in the event that any negligence of defendant is found to have contributed to any such injury,

plaintiffs' recovery, if any, from defendant is limited to that percentage of fault attributed to defendant, and no more.

## TWELFTH AFFIRMATIVE DEFENSE

As and for a twelfth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges, without admitting any duty owed to plaintiffs, that, at all relevant times, defendant exercised due diligence and reasonable care.

## THIRTEENTH AFFIRMATIVE DEFENSE

As and for a thirteenth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that plaintiffs' injuries, if any, were solely caused by an unforeseeable, independent, intervening and/or superseding event by third parties and beyond the control and unrelated to any conduct of defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

As and for a fourteenth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that all of the risks and dangers involved in the undertaking in which plaintiffs were engaged at the time and place alleged were well known to, understood and appreciated by plaintiffs, who knowingly undertook and assumed all risks involved in such undertaking.

## FIFTEENTH AFFIRMATIVE DEFENSE

As and for a fifteenth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that, because of the conduct, acts and omissions of plaintiffs, plaintiffs waived any claim to damages alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

As for a sixteenth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges the Complaint and the purported causes of action therein are barred in that plaintiffs failed to timely and adequately

exhaust all contractual, administrative and statutory prerequisites.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As for a seventeenth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges the Complaint, and each cause of action therein, is barred by plaintiffs' role in the events, series of events, transactions and occurrences that form the basis of the allegations against defendant under the doctrine of equitable estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As and for an eighteenth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that plaintiffs' passage was subject to the terms and conditions of the Passenger Ticket Contract. Defendant alleges that venue is improper in this court, and that any suit related to the cruise must be pursued in the courts of Switzerland under Swiss law.

## NINETEENTH AFFIRMATIVE DEFENSE

As and for a nineteenth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that at all times relevant to this litigation, it acted in good faith and reasonably based upon all relevant factors and circumstances known to it at the time of its actions.

## TWENTIETH AFFIRMATIVE DEFENSE

As and for a twentieth, separate and affirmative defense to the complaint and each of its purported causes of action, defendant alleges it is not and at all pertinent times, was not a seller, distributer, designer, manufacturer, maintenance provider, or retailer of the ship or any of its component parts and did not warrant the ship or its component parts; consequently, defendant cannot be held legally liable for any alleged design or manufacturing defects.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

As and for a twenty-first, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that certain injuries

Kaye, Rose & Partners LLP

1 and/or damages, if any, referred to in plaintiff's Complaint which are specifically
2 denied, pre-existed the incident alleged in the Complaint in whole or in part, and
3 plaintiffs cannot recover damages for their pre-existing condition from defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As and for a twenty-second, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that although it denies it has committed or has responsibility for any act that could support the recovery of punitive damages in this action, if and to the extent any such act is found, recovery of punitive damages against defendant is not cognizable in this jurisdiction under the facts of this case, the General Maritime Law of the United States, the applicable federal statutory law, any other applicable law governing this case.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As and for a twenty-third, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges on information and belief that plaintiffs failed to join all indispensable parties. Therefore, complete relief cannot be accorded to those who are already parties to this action and plaintiffs' failure to join all indispensable parties will result in prejudice to defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As and for a twenty-fourth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that this Court lacks personal jurisdiction over defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As and for a twenty-fifth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that should this Court find that plaintiffs, and/or any person they purport to represent, sustained damages for which defendant is responsible, which is expressly denied, defendant is entitled

Kaye, Rose & Partners LLP

to a set-off for any payments defendant has paid or are payable to plaintiffs, and/or any person they purport to represent.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

As and for a twenty-sixth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that should this Court find that plaintiffs, and/or any person they purport to represent, sustained damages for which defendant is responsible, which is expressly denied, defendant is entitled to a set-off for any collateral source payments paid or payable to plaintiffs, and/or any person they purport to represent, and for any settlements reached with persons or parties other than defendant for the damages alleged in the Complaint.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As and for a twenty-seventh, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that plaintiffs lack standing to bring the claims alleged in the Complaint, either individually, or on behalf of any person they purport to represent.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As and for a twenty-eighth, separate and affirmative defense to the Complaint and each of its causes of action, defendant alleges that venue is not proper in this Court and this action should be dismissed. In the alternative, venue should be transferred to another court pursuant to the doctrine of *forum non conveniens*.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

As and for a twenty-ninth, separate and affirmative defense to the Complaint and each of its causes of action, defendant alleges the Complaint, and each cause of action set forth therein, is barred, in whole or in part, because plaintiffs, and/or any person they purport to represent, have not sustained any injury, harm, and/or damage as a result of any actions allegedly taken by defendant and are thus barred from asserting any claims against, and/or obtaining monetary and/or injunctive relief from defendant.

Kaye, Rose & Partners LLP

**THIRTIETH AFFIRMATIVE DEFENSE**

As and for a thirtieth, separate and affirmative defense to the Complaint and each of its causes of action, defendant alleges the Complaint, and each cause of action set forth therein, is barred because the relief sought by plaintiffs would, if granted, unjustly enrich plaintiffs and/or any person they purport to represent.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

As and for a thirty-first, separate and affirmative defense to the Complaint and each of its causes of action, defendant alleges the Complaint, and each cause of action set forth therein, is barred because the purported injuries sustained by plaintiffs, and/or any person they purport to represent, have been caused, in whole or in part, by the conduct, actions, omissions, delay, or failure to act of plaintiffs, and/or any person they purport to represent.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

As and for a thirty-second, separate and affirmative defense to the Complaint and each of its causes of action, defendant alleges the Complaint, and each cause of action set forth therein, is barred because defendant's conduct was justified and/or privileged.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

As and for a thirty-third, separate and affirmative defense to the Complaint and each of its causes of action, defendant alleges the defendant did not authorize, ratify, encourage, participate in, aid or abet any of the alleged actions of its agents or alleged agents.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

As and for a thirty-fourth, separate and affirmative defense to the Complaint and each of its causes of action, defendant alleges it is not liable to plaintiffs, and/or any person they purport to represent, because defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

As and for a thirty-fifth, separate and affirmative defense to the Complaint and each of its causes of action, defendant alleges any damage, loss or liability sustained by plaintiffs, and/or any person they purport to represent, must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than defendant, including other parties in this case and/or third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

As and for a thirty-sixth, separate and affirmative defense to the Complaint and each of its causes of action, defendant alleges the imposition of punitive or exemplary damages against defendant would violate defendant's constitutional rights in the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and comparable provisions in the California Constitution, applicable statutes, common law, and court rules.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

As and for a thirty-seventh, separate and affirmative defense to the Complaint and each of its causes of action, defendant alleges to the extent that any relief sought by plaintiffs would be duplicative of relief sought by other plaintiffs in other lawsuits, subjecting defendant to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments of the United States Constitution.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

As and for a thirty-eighth, separate and affirmative defense to the Complaint and each of its causes of action, defendant alleges the Complaint, and each cause of action set forth therein, is barred because plaintiffs cannot satisfy any or all of the

requirements for maintaining a class action under Fed. R. Civ. P. 23.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

As and for a thirty-ninth, separate and affirmative defense to the Complaint and each of its causes of action, defendant alleges the Court lacks personal jurisdiction over the claims of putative class members residing outside of California, including under *Bristol-Myers Squibb Co. v. Superior Court*. 137 S. Ct. 1773 (2017).

## FORTIETH AFFIRMATIVE DEFENSE

As and for a fortieth, separate and affirmative defense to the Complaint and each of its causes of action, defendant alleges it may have additional unique affirmative defenses applicable to different putative members of plaintiffs' proposed class. Defendant reserve the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

## FORTY-FIRST AFFIRMATIVE DEFENSE

As for a forty-first, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that it presently has insufficient knowledge or incomplete information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available. Accordingly, defendant reserves its rights to amend and/or assert additional defenses in the event discovery and investigation indicates that it would be appropriate.

Dated: July 8, 2019              **KAYE, ROSE & PARTNERS, LLP**

                                 By: /s/ Carolyn J. Kaye
                                     Bradley M. Rose
                                     Carolyn J. Kaye
                                     Attorneys for Defendant VIKING
                                     RIVER CRUISES, INC. dba VIKING
                                     CRUISES AND VIKING OCEAN
                                     CRUISES